## BRADBURY *versus* BRIDGES.

Notice to the drawer of the non-payment of a draft cannot be proved by the *affidavit* of an *attorney at law*, who afterwards deceased, without evidence that the *act* was in the discharge of some official duty, and in the ordinary course of his business.

ON REPORT from *Nisi Prius*, TENNEY, J. presiding.

ASSUMPSIT. The suit was commenced August 7, 1849, against the defendant, as drawer, on two drafts in favor of plaintiff, and accepted by one Manly B. Townsend, payable on Nov. 1, 1846.

To one draft no defence was made, to the other, want of notice.

The plaintiff offered the affidavit of Jeremiah Bradbury, dated Nov. 5, 1846, before a justice of the peace, with a copy of a notice to defendant, dated Nov. 4, 1846, and a copy of the draft upon which the notice was sent, annexed to the affidavit, and proved that the defendant resided at Worcester, Massachusetts, when the drafts in suit became due; and that said Bradbury was an attorney at law, residing in Calais, on Nov. 4, 1846, and died on Dec. 4, 1849.

This affidavit was objected to, but received by the Court.

T. J. D. Fuller testified, that in the summer of 1849, the parties were together and the defendant wished the witness to carry him to see Townsend for the purpose of fixing some drafts which plaintiff had, and defendant said Townsend ought to pay the drafts. Plaintiff said he and Sawyer had certain affairs, and if business was not arranged he would sue defendant. The latter did not deny his liability, but it was witness' strong impression that he admitted his liability. He said his sole object of seeing Townsend was to relieve himself from his liability. He said he wished to bring about an arrangement in order to relieve himself from his liability, and that if Townsend allowed him to pay these drafts it would be the most outrageous thing he ever did. The witness heard no suggestion made that the defendant had not received notice.

The Court were to draw inferences as a jury might from the evidence admissible, and render judgment according to law.

*J. Granger*, for defendant.

1. The affidavit is not admissible, for it has no more force than a written statement, not under oath. The oath was extra judicial.

Having the possession of the paper, the legal presumption is, that it was his property.

The naked fact that he was an attorney at law, does not authorize the inference that he held it for collection, and if it did, giving notice does not fall within the ordinary duties of the legal profession.

This does not come within the rule of admitting entries made in the usual course of business of one deceased.

2. The testimony of Fuller falls short of satisfactory proof of any legal liability of defendant. Whatever allusions were made to his liability, might have reference exclusively to the other draft. No allusion was made to the fact of notice. After a lapse of two years it was hardly to be expected that the witness could recollect the whole conversation, or any considerable part of it.

The whole object of the conversation seemed designed to operate on Townsend.

*Bradbury, pro se.*

Howard, J. — The plaintiff's right to recover on the draft for $149,04, payable at the Frontier Bank, is not controverted; but the defence has reference to the other draft in suit, and rests upon the alleged want of notice to the defendant, as drawer, of its non-payment.

An affidavit of an attorney at law, residing in Calais at the time, but who died before the trial, was offered as evidence of notice. It purported to contain a copy of the notice, which was sufficient in substance, and to have been seasonably deposited in the post-office at Calais, with a copy of the draft attached, and with suitable directions to be transmitted by mail to the defendant.

There is no evidence that the affidavit was made in the discharge of any official duty; and it can be regarded only in the light of a private memorandum of a third person, in reference to a particular transaction. In order to render it admissible in evidence against others, it must relate to some act of the person making it, performed in the dis-

charge of some duty incumbent upon him, and in the ordinary course of his business. *Nicholls* v. *Webb,* 8 Wheat. 337; 1 Greenl. Ev. § § 115, 116.

This case does not present any evidence that the draft was left with the attorney, professionally; or that it was his duty to give notice of non-payment; or that the acts assumed to have been done by him, were in the ordinary course of his business or practice. Nor does it appear, *aliunde,* as in *Patteshall* v. *Turford,* 3 Barn. & Adolph. 890, that the attorney undertook to give the notice in accordance with the memorandum. Standing alone, and thus isolated, his private statement in writing is not admissible in evidence against third persons, in proof or explanation of his acts, upon any principle to be deduced from the cases cited, or the authorities upon which they are based. Nor is it perceived that the administration of justice requires the adoption of a rule, which would admit such memoranda as original evidence, *inter alios. Stapylton* v. *Clough,* 22 Eng. Law & Eq. 275.

But there is proof of a demand upon the acceptor, and of his refusal or neglect to pay; and after rejecting the affidavit and memorandum of the attorney, there will still remain the testimony of a witness, who states that, in the summer of 1849, when the parties were referring to the drafts in suit, the plaintiff spoke of suing the defendant, the latter did not deny his liability. He said, as this witness states, at that time, after expressing a wish to have the witness carry him to see the acceptor, that his sole object in going to see him, "was to relieve himself from liability." The same witness states further, speaking of the defendant, "it is my strong impression that he admitted his liability." And further, "it was said by the defendant, that he wished to bring about an arrangement, in order to relieve himself from his liability." "I heard no suggestion made that the defendant had not received notice."

Upon this evidence a jury would be authorized to infer that the defendant had been regularly notified as drawer;

and we are authorized, by agreement of parties, and are constrained to make the same inference. He did not distinguish between the drafts, as to his liability, and we can make no distinction, upon the evidence.

The plaintiff is entitled to judgment upon both drafts, and according to the agreement, a default of the defendant must be entered.

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.